**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

E. Jeffrey Walsh, SBN 009334
Robert A. Mandel, SBN 022936
*Attorneys for Plaintiff-Counterdefendant
GameTech International, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| GAMETECH INTERNATIONAL, INC., a Delaware Corporation,<br><br>*Plaintiff-Counterdefendant,*<br><br>v.<br><br>TREND GAMING SYSTEMS, L.L.C., a Texas limited liability company,<br><br>*Defendant-Counterclaimant.* | No. CV01 0540 PHX LOA<br><br>**JOINT STIPULATED MOTION TO EXONERATE SUPERSEDEAS BONDS**<br><br>(Hon. Lawrence O. Anderson) |

GameTech International Inc. ("GameTech") and Trend Gaming Systems, L.L.C. ("Trend") (collectively, the "Parties"), by GREENBERG TRAURIG, LLP and BROENING OBERG WOODS & WILSON, P.C., their respective attorneys of record, hereby stipulate, agree and jointly move the Court for an Order directing exoneration of the two supersedeas bonds, bond nos. AJ8007 and AK1219, that GameTech posted in this action pursuant to Rule 62 of the FEDERAL RULES OF CIVIL PROCEDURE.

As good cause for this joint stipulated motion, the Parties respectfully stipulate and submit as follows:

1. GameTech posted two supersedeas bonds, bond nos. AJ8007 and AK1219 in this action, the first to stay enforcement of this Court's AMENDED FINAL JUDGMENT

HX 327904802v3

entered May 12, 2005, which embraced the jury's verdict against GameTech, and the second to stay enforcement of this Court's separate JUDGMENT entered August 5, 2005, which embraced the Court's award of attorneys' fees against GameTech. See District Court Docket Nos. 491, 506, 541, 551. GameTech posted these bonds as security pending resolution of GameTech's consolidated appeals of the foregoing judgments to the United States Court of Appeals for the Ninth Circuit in cause nos. 05-15626 (L) and 05-16026.

2. GameTech's appeals have been resolved. A panel of the Ninth Circuit Court of Appeals, in its Memorandum decision filed May 16, 2007, reversed both (a) the AMENDED FINAL JUDGMENT and (b) implicitly, the JUDGMENT of August 5, 2005. All reinstated claims have been remanded to the United States District Court for the District of Arizona for a new trial. See Memorandum decision filed May 16, 2007, attached hereto as Exhibit A.

3. The deadlines for Trend to file a motion for reconsideration of the Ninth Circuit's Memorandum decision or to file a petition for a writ of certiorari with the Supreme Court of the United States with regard to that decision. The Ninth Circuit's decision therefore constitutes a final resolution of the consolidated appeals have passed and Trend has not filed either a motion for reconsideration or a petition for writ of certiorari.

4. As both of GameTech's appeals have been resolved, and both the AMENDED FINAL JUDGMENT and the JUDGMENT for attorneys' fees have been vacated, GameTech's two supersedeas bonds are no longer legally required pursuant to Rule 62 and GameTech is entitled to have them exonerated. Premiums continue to accrue with regard to the foregoing bonds, and GameTech, therefore, requests that the District Court order their exoneration as soon as practicable, an order that Trend does not oppose.

PHX 327904802v3

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

5. The Parties anticipate that the Ninth Circuit shall issue a mandate imminently. However, the Parties submit that, inasmuch as this Court had jurisdiction to approve the foregoing bonds during the pendency of the appeals pursuant to Rule 62, it likewise possesses jurisdiction to exonerate them in advance of the issuance of the mandate.

6. Richard Chambliss, co-counsel for Trend, has authorized attorney Robert A. Mandel, co-counsel for GameTech, to sign this motion on his behalf. See Exhibit B hereto.

For all the foregoing reasons, the Parties respectfully request that the Court file the accompanying form of Order directing immediate exoneration of the two supersedeas bonds and that it grant such further relief as it deems appropriate.

DATED this 7th day of August, 2007.

GREENBERG TRAURIG, LLP

By: _____
E. Jeffrey Walsh
Robert A. Mandel
2375 East Camelback Road
Phoenix, AZ 85016

*Attorneys for Plaintiff/Counterdefendant
GameTech International, Inc.*

BROENING OBERG WOODS & WILSON, P.C.

By: _____
Richard E. Chambliss
Wesley S. Loy
Sarah L. Barnes
1122 E. Jefferson
P.O. Box 20527
Phoenix, AZ 85036

*Attorneys for Trend Gaming Systems LLC*

## CERTIFICATE OF SERVICE

☒ I hereby certify that on the 7th day of August, 2007, this *Joint Stipulated Motion To Exonerate Supersedeas Bonds* was filed with the Court electronically.

☒ I hereby certify that on the 7th day of August, 2007, copies of this *Joint Stipulated Motion To Exonerate Supersedeas Bonds* was served upon all parties electronically.

/s/ Kathy McClement
GREENBERG TRAURIG, LLP

-4-

PHX 327904802v3

**EXHIBIT A**

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 16 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GAMETECH INTERNATIONAL INC., a Delaware corporation,<br><br>    Plaintiff-counter-defendant - Appellant,<br><br>v.<br><br>TREND GAMING SYSTEMS, L.L.C., a Texas limited liability company,<br><br>    Defendant-counter-claimant - Appellee. | No. 05-15626<br><br>D.C. No. CV-01-00540-LOA<br><br>MEMORANDUM* |
| GAMETECH INTERNATIONAL INC., a Delaware corporation,<br><br>    Plaintiff-counter-defendant - Appellee,<br><br>v.<br><br>TREND GAMING SYSTEMS, L.L.C., a Texas limited liability company,<br><br>    Defendant-counter-claimant - Appellant. | No. 05-16026<br><br>D.C. No. CV-01-00540-LOA |

---

    * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

|  |  |
|---|---|
| GAMETECH INTERNATIONAL INC., a Delaware corporation, | No. 05-16542 |
|  | D.C. No. CV-01-00540-LOA |
| Plaintiff-counter-defendant - Appellant, |  |
| v. |  |
| TREND GAMING SYSTEMS, L.L.C., a Texas limited liability company, |  |
| Defendant-counter-claimant - Appellee. |  |

Appeal from the United States District Court
for the District of Arizona
Lawrence O. Anderson, Magistrate, Presiding

Argued and Submitted April 19, 2007
San Francisco, California

Before: D.W. NELSON and CALLAHAN, Circuit Judges, and CARNEY**, District Judge.

Appellant GameTech International, Inc. ("GameTech") appeals several pre-trial, evidentiary, and post-trial rulings by the district court. We reverse, and remand the case for a new trial.

GameTech first appeals the grant of partial summary judgment to Trend Gaming Systems, L.L.C. ("Trend") on its breach of contract claim. We review a

---

** The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

grant of summary judgment *de novo*. *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir. 2005). We must determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir. 1999) (en banc). Whether a party has breached a contract and whether that breach is material are questions of fact. *FDIC v. Air Fla. Sys., Inc.*, 822 F.2d 833, 840 (9th Cir. 1987). We review rulings on motions *in limine* for abuse of discretion. *United States v. Campos*, 217 F.3d 707, 712 (9th Cir. 2000) (citing *United States v. Beltran-Rios*, 878 F.2d 1208, 1210 (9th Cir. 1989)).

Genuine issues of material fact remain as to whether Trend's use of generic contracts was a willful or deliberate material breach of the Distribution Agreement. GameTech presented sufficient evidence to allow a reasonable juror to conclude that by using generic contracts, Trend willfully or deliberately violated its contractual obligation to promote GameTech to the best of its abilities, to use all reasonable commercially available measures to retain customers using GameTech equipment, and to refrain from engaging in any effort to sell competing products. Thus, GameTech presented sufficient evidence to allow a reasonable juror to conclude that Trend's use of generic contracts justified GameTech's early

termination, and Trend is not entitled to summary judgment on Count III of GameTech's complaint.

The district court ruled *in limine* that GameTech was prohibited from arguing that Trend's use of generic contracts, as a breach of the implied covenant of good faith and fair dealing, justified GameTech's early termination. The district court abused its discretion in granting the motion *in limine* because its ruling depended on the prior erroneous grant of partial summary judgment to Trend. Because GameTech presented sufficient evidence to survive summary judgment on this issue, the district court's *in limine* ruling must be reversed as well.

GameTech also appeals the district court's *in limine* ruling prohibiting GameTech from referring to any of the Virginia evidence during the trial. The district court excluded this evidence on the grounds that it was overly prejudicial to Trend and would cause undue delay of the trial. *See* FED. R. EVID. 403. Exclusion of relevant evidence pursuant to Rule 403 is "'an extraordinary remedy to be used sparingly.'" *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995) (quoting *United States v. Patterson*, 819 F.2d 1495, 1505 (9th Cir. 1987)). "Under the terms of the rule, the danger of prejudice must not merely outweigh the probative value of the evidence, but *substantially* outweigh it." *Id.* The conduct

of Trend's subsidiary, Trend Gaming, L.L.C. ("Trend Gaming"), and Mr. Hieronymus in Virginia was extremely probative to GameTech's decision to terminate the Texas Distribution Agreement. In deciding to terminate the agreement, GameTech's officers relied on the contemporaneous efforts of Trend and Trend Gaming to switch customers in Texas and Virginia to generic contracts. It was error for the district court to conclude that the potential for prejudice and undue delay substantially outweighed the probative value of the Virginia evidence.[1]

Finally, GameTech appeals the district court's refusal to award it prejudgment interest prior to set off. Prejudgment interest in diversity cases is a question of state law. *Fidelity Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004). Under Arizona law, a party is entitled to prejudgment interest prior to set off on a discount counterclaim, but is not entitled to prejudgment interest until after set off against a payment counterclaim. *See Fairway Builders, Inc. v. Malouf Towers Rental Co.*, 603 P.2d 513, 537 (Ariz. Ct. App. 1979) (citing *Hansen v. Covell*, 24 P.2d 772, 776 (Cal. 1933) (in bank)). Here, Trend's counterclaims are properly characterized as discount claims. *See*

---

[1] Nothing in this order is intended to limit the discretion of the district court to impose reasonable time limitations on the presentation of evidence.

*Hunt Foods, Inc. v. Phillips*, 248 F.2d 23, 28 (9th Cir. 1957); *Cal. Lettuce Growers, Inc. v. Union Sugar Co.*, 289 P.2d 785, 793 (Cal. 1955) (in bank); *Mall Tool Co. v. Far W. Equip. Co.*, 273 P.2d 652, 664 (Wash. 1954). Accordingly, GameTech is entitled to prejudgment interest prior to any set off.[2]

**REVERSED and REMANDED.**

---

[2] As this case is remanded for a new trial, it is unnecessary for the Court to rule on the district court's evidentiary rulings regarding expert testimony, the denial of GameTech's motion for judgment as a matter of law on its conversion claim, and the award of attorneys' fees to Trend.

**EXHIBIT B**

**Mandel, Robert (OfCnl-Phx-LT)**

**Subject:** FW: Joint Stipulated Motion for Exoneration: Final

-----Original Message-----
From: Rick Chambliss [mailto:rec@bowwlaw.com]
Sent: Tuesday, August 07, 2007 10:59 AM
To: Mandel, Robert (OfCnl-Phx-LT)
Subject: RE: Joint Stipulated Motion for Exoneration: Final

The joint motion is accptable; you may sign on my behalf.

1