**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GameTech International, Inc., a Delaware corporation,<br><br>Plaintiff/CounterDefendant,<br><br>v.<br><br>Trend Gaming Systems, L.L.C., a Texas limited liability company,<br><br>Defendant/CounterClaimant. | No. CV-01-540-PHX-LOA<br><br>**ORDER** |

Currently before the Court is the Report and Recommendation ("the "Report") drafted by Magistrate Judge Anderson (Doc. 615) addressing whether magistrate judge jurisdiction expired by operation of law when GameTech International, Inc. ("GameTech") and Trend Gaming Systems, L.L.C. ("Trend") filed their respective notices of appeal on May 26, 2005.[1] Magistrate Judge Anderson concluded that such jurisdiction, conferred in accordance with 28 U.S.C. § 636(c), was not "broken" by appeal and that magistrate judge jurisdiction conferred by the parties' consent and the Notice of Assignment continues on remand following appeal. (Doc. 615.)

---

[1] The parties requested that the undersigned Judge, to whom the case was initially assigned, decide the jurisdictional issue. The resolution of this matter has been done via report and recommendation, pursuant to Fed.R.Civ.P. 73(b)(a district judge retains residual authority to vacate a reference to a magistrate judge).

As both the parties, Magistrate Judge Anderson, and the Ninth Circuit are more than familiar with the facts of this case, none of which are relevant to the issue at hand, this Court will not rehash the factual background. What is relevant, however, is the procedural history of this *civil* matter beginning on June 21, 2002 at the time the parties signed a "Consent to the Exercise of Jurisdiction by a United States Magistrate Judge" (the "Consent Form"). The Consent Form provides in pertinent part:

> In accordance with the provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties in this case hereby voluntarily consent to have a United States magistrate judge conduct **any and all further proceedings in the case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings**.

(Doc. 23.)(emphasis added).

On May 12, 2005, three years subsequent to the execution of the Order of Assignment to Magistrate Judge Anderson by the undersigned Judge, Magistrate Judge Anderson entered the Amended Final Judgment. Thereafter, the parties appealed the judgment to the Ninth Circuit Court of Appeals which reversed the judgment in its entirety in accordance with its May 16, 2007 memorandum of decision and remanded the case for a new trial. (Doc. 591.)

During preparations for their new trial, the parties were ordered to file a Joint Preliminary Pretrial Statement. Therein, the parties raised, *inter alia*, the issue of whether the June 21, 2002 Consent Form continues to confer jurisdiction on Magistrate Judge Anderson after appeal. The parties agreed that if magistrate jurisdiction did not expire upon appeal, neither "good cause" nor "extraordinary circumstances" exist to vacate the reference of this case to Magistrate Judge Anderson, pursuant to the standard set forth in 28 U.S.C. §636(c)(4). (Doc. 606.)

I.     DISCUSSION

It is undisputed that on June 21, 2002, the parties voluntarily and expressly consented to the exercise of jurisdiction by United States Magistrate Judge Anderson over their civil case. Pursuant to the text of 28 U.S.C. § 636(c), the case was referred to Magistrate Judge

Anderson for "all further proceedings and the entry of judgment in accordance 28 U.S.C. § 636(c), Fed.R.Civ.P. 73." (Doc. 23.)

Despite the text of the statute, given the appeal, the parties are in disagreement as to the vitality of the magistrate jurisdiction. GameTech contends that magistrate judge jurisdiction expires immediately upon the filing of an appeal, whereas Trend contests this assertion, arguing that Magistrate Judge Anderson maintains jurisdiction over the case.

GameTech cites United States v. Mortensen, 860 F.2d 948 (9th Cir.) in support of its proposition that magistrate judge jurisdiction expired upon the filing of its appeal. Mortensen is a federal criminal tax evasion case wherein plenary jurisdiction was conferred upon a magistrate judge to adjudicate a *misdemeanor* pursuant to 18 U.S.C. § 3401(b). Mortensen, 860 F.2d at 950.[2]

Title 18 U.S.C. § 3401 provides, in pertinent part:

> (a) When specially designated to exercise such jurisdiction by the district court or courts he serves, any United States magistrate judge shall have jurisdiction to **try persons accused of**, **and sentence person convicted of**, **misdemeanors** committed within that judicial district.
>
> (b) Any person charged with a misdemeanor, other than a petty offense may elect, however, to be tried before a district judge for the district in which the offense was committed. The magistrate judge shall carefully explain to the defendant that he has a right to **trial, judgment, and sentencing** by a district judge and that he may have a right to a trial by jury before a district judge or magistrate judge. The magistrate judge may not proceed to try to the case unless the defendant, after such explanation, expressly consents to be tried before the magistrate judge and specifically waives **trial, judgment, and sentencing** by a district judge. Any such consent shall be made in writing or orally on the record.

18 U.S.C. § 3401 (a),(b)(emphasis added).

The Court finds GameTech's conclusion and analysis to be misguided. Mortensen's first jury trial ended in a mistrial on December 7, 1985, after the jury failed to reach a

---

[2] It is critical to note that Mortensen consented in writing to a trial before a magistrate judge as provided by *criminal* statute 18 U.S.C. § 3401(b), whereas in the matter *sub judice*, the relevant statute is *civil* statute 28 U.S.C. § 636(c).

1 unanimous verdict. Thereafter, the magistrate scheduled a retrial. However, as noted by
2 Magistrate Judge Anderson, on the morning of the retrial, April 21, 1986, Mortensen moved
3 to withdraw his consent to trial before the magistrate. Consequently, the magistrate judge
4 transferred the proceedings to the district court for a ruling on the withdrawal motion. The
5 district judge denied the motion, thereby returning the case to the magistrate judge for retrial.
6 Mortensen then filed an emergency interlocutory appeal to the Ninth Circuit Court of
7 Appeals, which was denied. On April 22, 1986, Mortensen's second jury trial began, which
8 resulted in his conviction. On July 30, 1986, the magistrate judge sentenced Mortensen
9 accordingly, and Mortensen again appealed to the Ninth Circuit Court of Appeals.  On
10 appeal, Mortensen argued that the mistrial had effectively terminated his previous consent
11 to trial before a magistrate judge.  Mortensen, 860 F.2d at 950.

12 Magistrate Judge Anderson accurately noted the Ninth Circuit's holding in Mortensen,
13 the case of first impression, "consent to a trial before a magistrate [judge] is not automatically
14 cancelled by a mistrial but continues in force until it is revoked or withdrawn in a timely
15 fashion."  Id. As he explained, the Ninth Circuit was persuaded by the Sixth Circuit's
16 decision in United Stated v. Lee, 53 9 F.2d 606 (6th Cir. 1976) which addressed two distinct
17 scenarios involving consent given by a criminal defendant. It is the conclusion of Magistrate
18 Judge Anderson, as well as this Court, that neither of the two scenarios addressed in Lee are
19 applicable to the matter at hand.

20 The consent which is at issue in both Mortensen and Lee is analyzed pursuant to 18
21 U.S.C. § 3401(b), a criminal statute clearly inapplicable to this case.  Here, the Court is faced
22 with civil litigants' consent to magistrate jurisdiction pursuant to 28 U.S.C. § 636(c).  The
23 statutes are not simply distinguishable based on the fact that one is criminal and one is civil;
24 the language itself of the statutes are telling in determining this issue.  Section 3401(b) is
25 explicit as to the parameters of the magistrate jurisdiction-"trial, judgment, and sentencing,"
26 whereas the language of  § 636(c) confers jurisdiction on a magistrate judge "for any or all
27

further proceedings." 28 U.S.C. § 636(c). This Court agrees with Magistrate Judge Anderson's conclusion that nothing in the language or structure of § 636 suggests that consent for magistrate jurisdiction terminates upon appeal. Moreover, there is nothing in the Consent Form or Notice of Assignment indicating that consent or reference to the magistrate judge continued for any period less than "any or all" proceedings, which according to this Court, includes any proceeding necessitated by an appeal.

Although not binding authority, the Court finds persuasive the analysis and conclusion set forth in <u>Rivera v. Rivera</u>, 216 F.R.D. 655 (D. Kan. 2003), regarding magisterial jurisdiction.[3] Similar to the present case, in <u>Rivera</u>, the defendant relied on <u>Lee</u> and <u>Mortensen</u> for the proposition that he did not waive his constitutional right to an Article III judge for an "unlimited number of retrials". <u>Id</u>. at 660. The court found the cases unpersuasive and distinguished <u>Lee</u> and <u>Mortensen</u> on the grounds that they are both criminal cases and thus the circumstances and statutes involved are inapplicable to a civil case. Moreover, the court specifically explained that to apply a criminal statute to a civil case would be applying the wrong legal standard, and therefore the court must apply the applicable civil statute in order to arrive at the proper conclusion. <u>Id</u>. at 661. Having established that both <u>Mortensen</u> and <u>Lee</u> involved criminal defendants and, as such, invoked a criminal statute comprised of an inapplicable legal standard, the Court does not subscribe to the application of said cases to the matter currently before this Court.

In reviewing the legislative history of 28 U.S.C. § 636(c), it becomes quite apparent that the statute was created to permit a magistrate to sit "in lieu" of a district judge. This includes the exercise of civil jurisdiction by a magistrate judge over a case when the parties provide express consent therefor. The legislative reports further explain that the statutory

---

[3] Although <u>Rivera</u> involved a Motion to Vacate the Reference to a Magistrate after the trial court had ordered a new trial, it supports this Court's position insofar as it rejected the defendant's attempt to rely on <u>Lee</u> and <u>Mortensen</u> on the same bases as this Court.

- 5 -

language indicates Congress' intent that the same procedures and standards of appealability that govern appeals from district court judgments govern appeals from magistrates' judgments." 28 U.S.C. § 636, Subdivision (c).  Moreover, in <u>Roll v. Withrow</u>, 123 S.Ct 1696 (U.S. 2003), the Court found that a judgment entered by a magistrate judge pursuant to a consensual referral is to be treated as a final judgment of the district court, appealable in the same manner as an appeal from any other judgment of a district court.  This adds further credence to Magistrate Judge Anderson's conclusion that once parties have consented to magistrate jurisdiction in civil matters and have not successfully withdrawn such consent, the procedural path, including the appellate route, is parallel to that of a case that is in front of a district court judge. There has been no indication that Congress or the Ninth Circuit[4] intended otherwise.

Accordingly, having considered Magistrate Judge Anderson's Report and Recommendation, the objections thereto, and all further briefing on the issue,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation (**Doc. 615**) is ACCEPTED and ADOPTED by this Court.

DATED this 13th day of October, 2008.

Paul G. Rosenblatt
United States District Judge

---

[4] The Court finds significant that in the Ninth Circuit's Order reversing and remanding (Doc. 591), there is no direction that the case be reassigned to another judge or that the reference to Magistrate Judge Anderson be withdrawn.