**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GameTech International, Inc., | No. CV 01-540-PHX-JAT |
| Plaintiff/Counterdefendant, | **ORDER** |
| vs. | |
| Trend Gaming Systems, L.L.C., | |
| Defendant/Counterclaimant. | |

The Court, being satisfied that the parties have established Federal subject matter jurisdiction (Doc. #641), will now consider Trend Gaming System's, L.L.C.'s motion to reassign this case to a Magistrate Judge. As Judge Rosenblatt's order of October 14, 2008 recounts in greater detail, this case was originally assigned to Judge Rosenblatt. Thereafter, based on the consent of the parties, it was reassigned to Magistrate Judge Anderson. The case was then tried before the Magistrate Judge, appealed (directly to the Ninth Circuit Court of Appeals) and reversed and remanded. On remand, a party sought reassignment to a District Judge. The Magistrate Judge prepared an R&R for Judge Rosenblatt (because he was the District Judge to whom this case was assigned before consent) recommending that Judge Rosenblatt find that Magistrate Judge jurisdiction continued after remand. In his Order of October 14, 2008, Judge Rosenblatt accepted this recommendation.

Thereafter, for reasons unknown to the undersigned, the Magistrate Judge recused and <u>ordered</u> that this case be reassigned to a District Judge. Now, as indicated above, Trend

1  Gaming has moved to have this case reassigned to a Magistrate Judge based on Judge
2  Rosenblatt's Order that Magistrate Judge jurisdiction continued following remand.

3  Consistent with Judge Rosenblatt's order, this Court will grant reassignment to a
4  Magistrate Judge based on the parties' continued consent post-appeal.  Additionally, this
5  Court does not find GameTech's unsupported argument that recusal by a Magistrate Judge
6  revokes consent to proceed before a Magistrate Judge to be persuasive.  Specifically, this
7  Court does not agree that recusal by a particular Magistrate Judge would revoke a party's
8  consent to Magistrate Judge jurisdiction.  Thus, this Court will not retain the case before a
9  District Judge on that basis either.  Therefore,

10  IT IS ORDERED that the Clerk of the Court shall reassign this case to a Magistrate
11  Judge (hereby granting Doc. #636).

12  IT IS FURTHER ORDERED that the motion for a pretrial scheduling conference
13  (Doc. #635) remains pending.

14  DATED this 12th day of December, 2008.

_____
James A. Teilborg
United States District Judge